# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

QUINCY WATSON,

Petitioner, : Case No. 2:25-cv-01027

- vs - District Judge Algenon L. Marbley
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Quincy Watson under 28 U.S.C. § 2254, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 5), and Respondent's Return of Writ (ECF No. 6).

Although Magistrate Judge Vascura set a reply deadline in the Order for Answer (ECF No. 3) and the undersigned extended it after the Magistrate Judge reference was transferred (ECF No. 13), Petitioner has not filed a reply and the deadline for doing so has expired.

### Litigation History

On May 4, 2023, the Pickaway County grand jury returned an indictment charging Petitioner in nine counts of drug offenses (Indictment, State Court Record, ECF No. 5, Ex. 1).

After negotiation, Petitioner changed his plea to guilty to Count Three and an amended Count Two in return for dismissal of the remaining counts (ECF No. 5, Ex. 3). Watson was sentenced to three years on each count to be served consecutively (Entry, State Court Record, ECF No. 5, Ex. 5).

Petitioner was granted a delayed appeal by the Ohio Fourth District Court of Appeals which affirmed *State v. Watson*, 2024-Ohio-4992 (Ohio App. 4th Dist. Oct. 7, 2024). The Ohio Supreme Court granted leave for a delayed appeal, but declined to exercise jurisdiction. *State v. Watson,* 179 Ohio St. 3d 1426 (2025).

Watson filed his Habeas Corpus petition in this Court on August 25, 2025, by placing it in the prison mailing system on that date. He pleads the following grounds for relief:

> **Ground One:** The proportionality of the sentence was inconsistent with the principles set forth O.R.C. §2929.11 and factors to be considered in O.R.C.§2929.12.
>
> **Supporting Facts:** Appellant asserts that the proportionality of his sentence was inconsistent with the principles set forth in R.C. 2929.11, as well as the factors to be considered in R.C. 2929.12. Appellant argues that rather than considering "his sincere remorse for his actions" and his "minimal involvement in the operation," the trial court "regarded the negotiated plea itself as a mitigating element, leading to the imposition of maximum and consecutive sentences." the trial courts utilization of these factors as grounds for mitigation was inappropriate."
>
> **Ground Two**: Whether the trial court erred by using the negotiated plea as a mitigating sentencing factor, pursuant to R.C. 2929.12, seriousness and recidivism factors, to determine Appellant's length of sentence which resulted in a disproportionate sentences in violation of R.C. 2929.11(B) therefore making Defendant's sentence contrary to law.
>
> **Supporting Facts:** Appellant asserts that the trial courts utilization of the negotiated plea factors as grounds from mitigation was inappropriate. Appellant argues that rather than considering "his sincere remorse for his actions" and his "minimal involvement in

the operation," the trial court "regarded the negotiated plea itself as a mitigating element, leading to the imposition of maximum and consecutive sentences." the trial courts utilization of these factors as grounds for mitigation was inappropriate."

**Ground Three**: Whether the "Stark Disparity" between the State's recommended sentence of 24 months "is so significant that it elicits a sense of injustice.

**Supporting Facts:** The Appellant asserts that there is a stark disparity between the State's recommended sentence of 24 months is so significant that it elicits a sense of justice [sic].

**Ground Four**: Whether the sentences imposed upon Appellant were consistent "with sentences for similar offenses by [sic] similar offenders.

**Supporting Facts:** Appellant asserts that his sentences should be reversed because they are grossly but disproportionate to similarly situated offenders. R.C. 2929.11(B) States that a felony sentence should be "Consistent with sentences imposed for similar crimes committed by similar offenders." This court has observed that ""[a] consistency-in-sentencing determination is a fact intensive inquiry that does not lend itself to being initially reviewed at the appellate level. *State v. Taylor*, 2017-Ohio-4395, 9 N.E. 3d 1. ¶ 29 (4th Dist.), quoting *State v. Adams,* 2016-Ohio-7772, 84 N.E. 3d 155, ¶ 46(4th Dist.), in turn quoting *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062. ¶ 14.

**Ground Five**: Whether the trial court erred by failing to either forewarn Appellant of a potentially longer prison term upon rejecting the Prosecutor's sentencing recommendation, or to give him the opportunity to withdraw his guilty plea at the sentencing hearing.

1. That Appellant Did Not Knowingly and Voluntarily Enter His Plea Because The Trial Court Did Not Expressly Say It Would Reject The Negotiated Sentence.

2. Defendant Was Not Put On Notice That The Trial Court Might Deviate From The Prosecutor's Recommended Sentence.

**Supporting Facts:** The Appellant asserts that the trial court erred by failing to either forewarn Appellant of a potential longer prison term upon rejecting the prosecutor's sentencing recommendation, or give Appellant the opportunity to withdraw his guilty pleas at the

> sentencing hearing. The Appellant also asserts that the Appellant did not knowingly and voluntarily enter his plea because the trial court did not expressly say it would reject the negotiated sentence, and he was not put on notice that the trial court might deviate from the prosecutor's recommended sentence.

Petition, ECF 1, PageID 7, 9-11, 13.

## Analysis

**Cognizability**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

On their face, Petitioner's first four grounds for relief raise claims only under Ohio law. Those claims are beyond habeas corpus jurisdiction and should be dismissed on that basis.

**Procedural Default**

Before seeking federal habeas corpus relief, a state prisoner must submit his constitutional claims to one full round of state court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)). In Ohio, "one complete round of the State's established appellate review process" means

a defendant must timely and fairly present his on-the-record constitutional claim to the trial court, court of appeals and the Supreme Court of Ohio in direct review." *Caver v. Straub*, 349 F.3d at 346 (6th Cir. 2003) (quoting *Boerckel*, 526 U.S. at 845). Petitioner's Fifth Ground for Relief – that his guilty plea was not knowing, intelligent, and voluntary – was first presented in his appeal to the Ohio Supreme Court. As noted by Respondent, " The Ohio Supreme Court lacks jurisdiction to consider constitutional issues not raised or considered on direct appeal. *See* Ohio Const. art. IV, 2(B)(2); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985); *State v. Williams,* 51 Ohio St.2d 112, 116-117 (1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips, supra*." (Return of Writ, ECF No. 6, PageID 192).

Petitioner has not responded to this defense and in particular has not offered any excusing cause and prejudice. Ineffective assistance of appellate counsel can be excusing cause where a constitutional claim has not been raised as an assignment of error on direct appeal, but that ineffective assistance of appellate counsel claim must first be submitted to the state courts and decided favorably to the petitioner. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

September 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #