**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**QUINCY WATSON,**

**Petitioner,**

**v.**

**WARDEN, BELMONT CORRECTIONAL INSTITUTION,**

**Respondent.**

**Case No. 2:25-cv-1027**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

## OPINION AND ORDER

In his September 23, 2026, Report and Recommendation (R&R, Doc. 14, #253), Magistrate Judge Merz recommends that the Court dismiss with prejudice Quincy Watson's Petition for Writ of Habeas Corpus (Doc. 1). The petition raises five grounds for relief. The R&R finds that the first four are not cognizable in federal habeas and the last is subject to procedural default. For the reasons explained below, and especially in light of Watson's failure to object, the Court **ADOPTS** the R&R (Doc. 14) and **DISMISSES** Watson's petition **WITH PREJUDICE**.

## BACKGROUND

A Pickaway County grand jury indicted Watson on nine counts for drug-related offenses on May 4, 2023. (Doc. 14, #249 (citing State Ct. R., Doc. 5, #28–29)). Watson was incarcerated at the Pickaway Correctional Institution when he committed the instant offenses—working with inmates and nurses to illegally bring drugs into the facility. *State v. Watson*, 2024-Ohio-4992, ¶ 4 (4th Dist.). Watson pleaded guilty to two third-degree felony counts in exchange for the state dismissing the remaining

seven counts and amending the two counts to which he pleaded guilty to reduce the severity of those charges. *Id.* ¶ 3. The plea form notified Watson "that the maximum prison term for each third-degree felony count was 36 months and the trial court orally advised him of the same during the change-of-plea hearing that was held on August 2, 2023." *Id.* The pre-sentence investigation report described Watson's long history of prison infractions while he served time for a prior conviction for involuntary manslaughter. *Id.* ¶ 4. Watson's defense counsel requested a sentence of probation only, citing Watson's "limited role in the illegal conveyance scheme," whereas the state recommended concurrent 24-month prison terms for each count. *Id.* The trial court, citing Watson's recidivism during incarceration, and the already substantial reduction in charges compared to the indictment, sentenced Watson to consecutive 36-month prison terms for the two counts. *Id.* ¶ 5. The court justified the consecutive sentences as "necessary to protect the public from future crime and to punish the offender … and not disproportionate to the seriousness of the offender's conduct and the danger he posed to the public" considering Watson's criminal history. *Id.* ¶ 7.

Watson appealed his sentence to the Fourth District Court of Appeals of Ohio, arguing that its length was disproportionate with the sentencing principles and factors set forth in Ohio law. *Id.* ¶ 7 (citing Ohio Rev. Code. Ann. §§ 2929.11, 2929.12). So the appeals court considered whether the sentence was "clearly and convincingly contrary to [Ohio] law" and concluded that it was not, affirming the trial court's judgment. *Id.* ¶¶ 19, 23. It found that the trial court had properly "considered the principles and purposes of felony sentencing under R.C. 2929.11 and had balanced

the seriousness and recidivism factors under R.C. 2929.12." *Id.* Furthermore, the Fourth District rejected Watson's argument "that the sentences imposed by the trial court were inconsistent and disproportionate to sentences imposed on similar offenders for similar crimes" based on the court's recent decision regarding an analogous sentencing appeal. *Id.* (citing *State v. Goff*, 232 N.E.3d 870 (Ohio 4th Dist. 2023)). Watson then appealed to the Ohio Supreme Court, again raising state-law-based challenges. That court granted leave for a delayed appeal, (Doc. 5, #136), but ultimately declined to exercise jurisdiction, (*id.* at #161).

Watson, proceeding pro se, filed his habeas petition in this Court by placing it in the prison mailing system on August 25, 2025. (Doc. 1) He pleads five grounds for relief: (1) the sentence was disproportionate with the principles and factors set forth by Ohio Rev. Code. §§ 2929.11, 2929.12; (2) the trial court erred by "using the negotiated plea as a mitigating sentencing factor" in applying Ohio Rev. Code. § 2929.12 factors; (3) the disparity between the State's recommended 24-month sentence and the trial court's sentence was unjust (as further described below, he declines to identify whether he is relying on state or federal law for this challenge); (4) Watson's sentence was inconsistent with sentences given to similar offenders, in violation of Ohio Rev. Code. § 2929.11(B); and (5) the trial court "erred by failing to either forewarn [Watson] of a potentially longer prison term upon rejecting the Prosecutor's sentencing recommendation, or to give him the opportunity to withdraw his guilty plea at the sentencing hearing." (*Id.* at #250–51).

On September 23, 2026, Magistrate Judge Merz issued his R&R (Doc. 14). There he recommends that the Court dismiss the petition with prejudice. The R&R found that the first four grounds failed for the same reason: "claims only under Ohio law … are beyond habeas corpus jurisdiction and should be dismissed on that basis." (*Id.* at #252). The fifth and final ground for relief failed for a different reason: Watson failed to "submit his constitutional claims to one full round of state court consideration" "[b]efore seeking federal habeas corpus relief," so his claim was procedurally defaulted by his failure to properly exhaust state remedies. (*Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–47(1999))).

The Magistrate Judge gave Watson fourteen days to lodge specific objections to the R&R. (*Id.* at #254). Further, the Magistrate Judge advised Watson that failing to object to the R&R could result in a waiver of rights on appeal. (*Id.*). The deadline for objecting to the R&R has now passed, and Watson did not object, so the matter is ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). For any unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to such review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Moreover, pro se filings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## LAW AND ANALYSIS

The Court finds that the Magistrate Judge is correct—or at least, did not clearly err—in recommending that the Court should dismiss the petition. Accordingly, the Court adopts the R&R. (Doc. 14).

### A. The Magistrate Judge Did Not Clearly Err in Finding the First Four Grounds for Relief Are Not Cognizable in a Federal Habeas Petition.

The Magistrate Judge did not clearly err in concluding that Watson's first four grounds for relief are not cognizable in habeas. Watson bases his first, second, and fourth grounds for relief solely and squarely on Ohio law. (Doc. 1, #7–10; 11–12). The third ground cites no law, state or federal, merely "assert[ing] that there is a stark disparity between the State's recommended sentence of 24 months [] so significant that it elicits a sense of [in]justice." (*Id.* at #10–11). The Magistrate Judge did not clearly err in characterizing this third ground as challenging Watson's sentence on state-law, as opposed to constitutional, grounds. (Doc. 14, #252; Return of Writ, Doc. 6, #188 (construing the third ground as a proportionality argument)); *see also Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (rejecting state prisoner's argument that life sentence's disproportionality violated the Eighth Amendment). That creates a problem for Watson. As the Magistrate Judge stated, federal habeas corpus relief

"is available only to correct federal constitutional violations." (Doc. 14, #252). And the Magistrate Judge did not clearly err in concluding that Watson's argument about "disparity" does not implicate what is at most a limited proportionality-of-sentencing principle in the Constitution. *See Harmelin*, 501 U.S. at 997, 1001 (Kennedy, J., concurring) (noting that the Eighth Amendment's "narrow proportionality principle" reaches "only extreme sentences that are 'grossly disproportionate' to the crime"); (Doc. 14, #252). So, the third ground, thus understood, fails to raise a federal claim. As a result, the Court adopts the R&R's recommendation to dismiss the first four grounds with prejudice.

### B. The Magistrate Judge Did Not Err in Finding that the Last Ground for Relief Was Subject to Procedural Default.

The Court also finds no clear error in the Magistrate Judge's recommendation to dismiss Watson's fifth ground as procedurally defaulted. State prisoners must submit constitutional claims "to one full round of state court consideration" before they "seek[] federal habeas corpus relief." (Doc. 14, #252 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–7(1999))). And as the Magistrate Judge pointed out, Watson's "Fifth Ground for Relief—that his guilty plea was not knowing, intelligent, and voluntary—was first presented in his appeal to the Ohio Supreme Court." (*Id.* at #253). But that court "lacks jurisdiction to consider constitutional issues not raised or considered on direct appeal." (*Id.* (citations omitted)). His failure to present the issue in accordance with state procedural rules acts as an adequate and independent state ground, thereby precluding habeas review of the issue. *Davila v. Davis*, 582 U.S. 521, 527–28 (2017). To escape that procedural default, Watson would need to show

"cause and prejudice"—for example, ineffective assistance of counsel, (Doc. 14, #253 (citing cases))—or press a viable actual innocence claim, *Schlup v. Delo*, 513 U.S. 298, 315 (1995). He has done neither. So, the Court adopts the Magistrate Judge's final recommendation to dismiss the fifth ground with prejudice, as well.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 14) and **DISMISSES** Watson's petition **WITH PREJUDICE**. Because the Court further agrees with the Magistrate Judge that reasonable jurists would not disagree with these conclusions, the Court **DENIES** Watson a certificate of appealability and **CERTIFIES** that any appeal of this Opinion and Order would be objectively frivolous. Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

November 16, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**